**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,

         - against -

EDWIN ALEXANDER
GUEVARA-TOLOSO,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

M 04-1455 (ARL)

**JAMES ORENSTEIN, Magistrate Judge:**

      Defendant Edwin Alexander Guevara-Toloso ("Guevara-Toloso") was brought before me on May 20, 2005, for an initial appearance after his arrest pursuant to Rule 5 of the Federal Rules of Criminal Procedure. Guevara-Toloso was arrested, pursuant to a warrant, for illegally re-entering the United States after being convicted of a felony and subsequently deported, in violation of 8 U.S.C. § 1326. According to the affidavit submitted in support of the application for the arrest warrant, Guevara-Toloso had previously been convicted of burglary and attempted burglary in separate cases in Suffolk County, New York, in 1999 and 2002, respectively. Docket Entry 1 ¶ 3. At the initial appearance, I inquired of the prosecutor whether any victim of the predicate state crimes had been given notice of the proceeding in this case. The prosecutor stated that they had not, and tentatively opined that there was no requirement for such notification under the recently-enacted Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771, although he candidly acknowledged not having given the matter any thought before the proceeding. For the reasons set forth below, I agree that the notification requirement does not attach under the circumstances of this case, but need not – and therefore do not – opine as to whether there are other circumstances in which the government might have an obligation to provide notice to victims of a predicate crime.

The CVRA provides that "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded" certain rights. 18 U.S.C. § 3771(b). Those rights include, among others, "[t]he right to reasonable, accurate, and timely notice of any public court proceeding ... involving the crime...." *Id*. § 3771(a)(2). The statute's provisions have far-reaching effects on routine criminal proceedings that courts are only beginning to confront. *See United States v. Marcello*, ___ F. Supp.2d ___, 2005 WL 1163425 (N.D. Ill. May 5, 2005); *United States v. Turner*, ___ F. Supp.2d ___, 2005 WL 1030144 (E.D.N.Y. Apr. 29, 2005). The instant case presents an issue not previously addressed: whether, when a defendant is accused of an offense an element of which is his previous conviction for a predicate offense, the victims of that earlier predicate offense enjoy rights under the CVRA.

The facts of this case put in clear relief the difficult policy issue for the framers of the CVRA in determining how far to extend its protections. A crime victim's interest in notification about an offender plainly does not lapse upon the offender's conviction. If anything, that interest increases upon the offender's release from custody. If that offender is later prosecuted for another offense, the victims of the earlier offense might be exposed to heightened danger; moreover, such victims might have important information relevant to the issue of the defendant's possible release on bail in the later proceeding. Indeed, in a case such as this involving a charge of illegal re-entry by a convicted felon after deportation, there may be no direct victims of the charged offense, but the release of such defendants on bond might in certain circumstances be a source of considerable alarm for the victims of earlier crimes that led to the defendant's predicate deportation.

2

On the other hand, imposing a notification requirement in such circumstances imposes a burden on the later case: prosecutors may not readily have access to information about the earlier crime – which, as here, may have been prosecuted by a different office – and may therefore not be in a position to provide notification. Moreover, in most such cases, where the only relevant fact about the earlier prosecution to the later case is that it resulted in a conviction, a victim of the earlier case may have little if any information that a judge can properly rely on in making rulings in the new case.

The text of the CVRA sends mixed signals about its framers' intent on this question. It unambiguously provides for notification upon an offender's parole, release, or escape from custody, 18 U.S.C. § 3771(a)(2), thereby suggesting that Congress recognized a victim's legitimate interest in notification that survives the offender's conviction. But the statute's reference to "the crime" in the same provision seems to suggest a focus only on the crime with which a defendant is charged in the case in which a victim seeks to assert her statutory rights.

I have not found any explicit statement on this interpretive issue in the relatively sparse legislative history of the CVRA itself. There is some discussion of the matter in the legislative history of the related proposal to amend the federal Constitution to establish rights for crime victims, but it too is ambiguous. The CVRA was enacted after the sponsors of the proposed constitutional amendment failed, after several years of debate, to secure sufficient support for their proposal. *See Turner*, 2005 WL 1030144 at *3 n.3 (citing 150 Cong. Rec. S4261 (daily ed. Apr. 22, 2004) (Statement of Sen. Feinstein)). That proposal, however, was favorably reported to the full Senate, and in the Judiciary Committee's report, the dissenting Senators – who later supported the statutory alternative offered as a compromise – explicitly voiced concern over the

proposed amendment's scope. Referring to a provision requiring "reasonable and timely notice of any public proceeding involving the crime," *see* S.J. Res. 1, § 2 (108th Cong.), the dissenters raised the possibility that the phrase "any public proceeding involving the crime" might include, for example, ancillary civil proceedings in a wrongful death action brought by the mother of a homicide victim against the suspected killer. As they noted, the Department of Justice had opined that the amendment would not apply in such circumstances, but that opinion was provided without any explanation. S. Rep. 108-191, at 99-100 & n.117 (2003) (minority views of Sens. Leahy, Kennedy, Kohl, Feingold, Schumer, and Durbin).

      I need not, and therefore do not, resolve this ambiguity in the text and legislative history. Assuming that there are persons who suffered harm as a result of Guevara-Toloso's previous offenses, those persons are "crime victims" within the dictionary's definition of the term but not the statute's. The CVRA extends its protection to persons "directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e). Because Guevara-Toloso's previous convictions – the ones cited as elements of the federal offense charged in the instant case – are for violations of state law, any persons harmed by those crimes are not "crime victims" within the meaning of the CVRA. Accordingly, the statute does not extend notification and other rights to such persons, *see id*. § 3771(a) (providing that "a crime victim" has certain rights), and I therefore have no need to decide whether the term "involving the crime" would apply under the circumstances of this case if Guevara-Toloso's predicate offenses had been federal crimes.

      For the reasons set forth above, the victims of Guevara-Toloso's previous crimes of conviction in violation of the law of New York State, if any, are not "crime victims" within the

meaning of 18 U.S.C. § 3771(e). I therefore conclude that the government need not provide notification to such persons of public proceedings in the instant case.

**SO ORDERED.**

Dated: Central Islip, New York
May 23, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge